# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MOHAMMAD EL-HASSAN, et al.,**

        Petitioners,

        v.                                             Case No. 15-CV-230

**UNITED STATES OF AMERICA,**

        Respondent.

## ORDER

According to the petition, Mohammad El-Hassan and Darine A. Ahmad own and operate Kayem, Inc., which does business as Quick Stop Food, a small inner-city grocery store (referred to here collectively as "Quick Stop"). (ECF No. 1, ¶¶ 5-6.) Quick Stop participated in the Supplemental Nutrition Assistance Program (SNAP), formerly known as the food stamp program. An investigation by the United States Department of Agriculture revealed that on three of its investigator's six visits to the store, Quick Stop sold ineligible items in exchange for SNAP benefits. (ECF No. 1, ¶ 7.) As a result, Quick Stop was disqualified from participating in SNAP for one year (the usual six-month penalty was doubled under 7 C.F.R. § 278.6(e)(6) because Quick Stop was previously

sanctioned for SNAP violations). (ECF No. 1, ¶ 11.) Quick Stop filed the present action for judicial review of that final agency decision.

Shortly after filing this action, Quick Stop filed a motion pursuant to Civil Local Rule 7(h) for a preliminary injunction blocking Quick Stop's disqualification. (ECF No. 3.) This matter was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge (ECF Nos. 5, 7, 8), and on March 20, 2015, the United States responded to Quick Stop's motion (ECF No. 9).

In accordance with 7 U.S.C. § 2023(a)(17), a final agency decision shall remain in effect pending judicial review unless, "on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal." *Id.*

A hearing on the motion was held on March 26, 2015. El-Hassan was the only witness at the hearing. He testified that he is the sole owner of Quick Stop, a neighborhood grocery store that he has operated since 2002. He operates the store, 12 hours a day, 7 days a week, with El-Hassan and his brother currently being the only employees who operate the cash register. El-Hassan testified that he learned about the SNAP program and what products are eligible by watching a video provided by the USDA and by reviewing a book. He testified that Quick Stop does not have any written

2

policies or training materials regarding SNAP. He stated he was unaware of any specific training he was required to give to his employees regarding SNAP.

The employee whose actions led to the disqualification worked for Quick Stop for roughly a year. He was terminated after his conduct came to light. El-Hassan testified that he trained this employee regarding SNAP by explaining to him what SNAP was and which products can be purchased with SNAP benefits. He did not testify that the employee watched any video or reviewed any book regarding SNAP. El-Hassan testified that, thereafter, he worked with the employee for between two and four months before allowing him to work alone. After the employee began working alone, El-Hassan would occasionally be in the store with the employee and at no point did he see him exchange ineligible items for SNAP benefits.

El-Hassan also testified as to Quick Stop's sales. SNAP sales represent roughly one-third of his business. According to El-Hassan, if suspended from SNAP his sales will decrease by more than the amount of his lost SNAP sales; customers who are unable to use their SNAP benefits at Quick Stop will simply go to another store for all of their needs, not just for those products which they could purchase with their SNAP benefits. The government counters that Quick Stop was barred from the SNAP program for over a year back in the 2010/2011 time period and survived.

Notwithstanding the fact that Quick Stop was able to survive a prior year-long SNAP suspension, the loss of roughly one-third of a business's sales, especially

3

considering the potential additional loss of other sales resulting from customers simply choosing to make all of their purchases elsewhere, would constitute irreparable injury sufficient to satisfy 7 U.S.C. § 2023(a)(17). *See Barbosa v. United States*, 633 F. Supp. 16, 18 (E.D. Wis. 1986) ("[T]he Court believes that the store will suffer irreparable injury by the loss of revenue from food stamp customers."). Although in many contexts a purely financial injury is not regarded as irreparable because it can be adequately rectified by way of an award of damages at the conclusion of the action, *see, e.g., Hetreed v. Allstate Ins. Co.*, 135 F.3d 1155, 1158 (7th Cir. 1998), Quick Stop has no such remedy. Specifically, should Quick Stop ultimately prevail, there is no indication that the court could order the United States to pay Quick Stop damages for the sales it lost during the pendency of this action. As such, essentially any loss of SNAP sales will be irreparable to Quick Stop.

As for the likelihood of success on the merits, Quick Stop bears the burden to prove by a preponderance of the evidence that the agency's determination was invalid. *Fells v. United States*, 627 F.3d 1250, 1253 (7th Cir. 2010). Toward that end, one issue is whether the exchange of ineligible items by Quick Stop's employee was "due to carelessness or poor supervision by the firm's ownership or management." 7 C.F.R. § 278.6(e)(5). On that issue, the court finds that there is a sufficient possibility of Quick Stop prevailing such that it is necessary for the court to proceed to the second phase of the preliminary injunction analysis and "balance the nature and degree of the plaintiff's injury, the likelihood of prevailing at trial, the possible injury to the defendant if the

injunction is granted, and the wild card that is the 'public interest.'" *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008) (quoting *Lawson Prods., Inc. v. Avnet, Inc.*, 782 F.2d 1429, 1433 (7th Cir. 1986)).

The court concludes that the balance of these competing interests favors granting the preliminary injunction under 7 U.S.C. § 2023(a)(17). The United States does not argue it will suffer any injury if a preliminary injunction is granted. Although the government and the public obviously have an interest in ensuring that businesses that have not complied with public benefit regulations (resulting in losses for taxpayers) do not persist in such malfeasance and are appropriately punished for misconduct, the court intends to resolve this matter quickly. Expediting the resolution of this matter mitigates these clearly real concerns.

Even assuming that Quick Stop's chance of ultimate success on the merits is relatively low, the risk of irreparable injury is significant and ultimately tips the balance in favor of granting the preliminary injunction. *See Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009) ("[T]he more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief."). Therefore, the court shall grant the plaintiffs' motion for a preliminary injunction under 7 U.S.C. § 2023(a)(17).

**IT IS THEREFORE ORDERED** that the plaintiffs' motion (ECF No. 3) is **granted**, and pursuant to 7 U.S.C. § 2023(a)(17), the administrative action suspending the plaintiffs from participation in SNAP is temporarily stayed pending the disposition of the present action.

**IT IS FURTHER ORDERED** that the following schedule shall apply in this matter:

- All discovery shall be completed not later than **July 31, 2015.**

- The parties shall submit a single joint pretrial report in accordance with Civil Local Rule 16(c) not later than **August 28, 2015.**

    - The parties are excused from the requirement under Civ. L.R. 16(c)(1)(I) to submit proposed findings of fact and conclusions of law.

    - A list of exhibits should be prepared using the court's standard exhibit and witness list form that is available from the court's website, http://www.wied.uscourts.gov, and attached to the pretrial report. Exhibits should be numbered sequentially in accordance with General L.R. 26.

- Any motions in limine shall be filed not later than **August 28, 2015**.

- A court trial shall commence before this court at **9:00 AM** on **September 15, 2015.**

Dated at Milwaukee, Wisconsin this 30th day of March, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge